# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT COURT
### NORTHERN DIVISION

**ELAINE FIELDS**                                                              **PLAINTIFF**

**vs.**                                          **CIVIL ACTION No.: 3:18-CV-00567-HTW-LRA**

**DOLLAR TREE STORES, INC. D/B/A**
**DOLLAR TREE AND AWESOME PRODUCTS, INC.**                 **DEFENDANTS**

## ORDER

BEFORE THIS COURT is *Defendant Awesome Products, Inc.'s Motion to Stay Discovery and/or for a Protective Order* **[Docket no. 25]**. Defendant Awesome Products, Inc. (hereinafter referred to as "Awesome Products") filed its motion and supporting memorandum brief pursuant to Federal Civil Procedure Rules 26(c)(1)(A)[1] and 26(d)[2] on September 20, 2018. Previously, Awesome Products filed a Motion to Dismiss Plaintiff's Complaint [Docket no. 11] on September 14, 2018. In the motion at hand, Awesome Products campaigns this Court to issue a temporary stay of discovery and all discovery-related proceedings until this Court rules on Awesome Products' pending motion to dismiss. For the reasons stated herein, this Court finds Defendant Awesome Products' motion is well-taken and should be GRANTED.

---

[1] **(c) Protective Orders.**
**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
**(A)** forbidding the disclosure or discovery…
Fed. R. Civ. P. 26

[2] **(d) Timing and Sequence of Discovery.** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order…
Fed. R. Civ. P. 26

The United States Court of Appeals for the Fifth Circuit has recognized that a stay of discovery is appropriate when a motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 910 F.2d 404, 435-36 (5th Cir. 1990), *cert. denied*, 111 S. Ct. 2440 (1990). This Court has discretion to grant this type of stay "for good cause shown" based on Federal Rule of Civil Procedure 26 (c). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Spencer Trask Software and In'l Servs., LLC v. Rpost Int'l Lim.*, 206 F.RD. 367 at 368 (S.D.N.Y. 2002).

This Court finds that good cause to grant a stay of discovery exists here. In its dispositive motion seeking the dismissal of Plaintiff's Complaint, Awesome Products asserts that Plaintiff's claims are barred by the Mississippi Products Liability Act ("MPLA"), and that the Complaint lacks any factual support to establish a cause of action under the MPLA. This Court agrees that unnecessary discovery costs should be averted where a complaint is insufficient; therefore, discovery in this case should be stayed until the Court determines whether Plaintiff's Complaint satisfies all pleading requirements.

This Court further notes that to date, the parties have not conferred and agreed on a discovery plan as required by Rule 26(f)[3]. Rule 26(d) plainly states, "a party may not seek any discovery from any source before the parties have conferred as required by Rule 26(f)," unless the proceeding is one exempt from initial disclosure under Rule 26(a)(1)(B), which is not the

---

[3] Rule 26(f) provides that at least 21 days before the Rule 16(b) scheduling conference, the parties confer regarding a proposed discovery plan and then submit a written report outlining that plan for the court.

case here; moreover, there is no exception in this matter authorized by the rules, stipulation, or any court order; as such, Plaintiff's requests for discovery are premature.

Even if the requests for discovery were timely and proper under Rule 26(f), Plaintiff has not filed a response to Defendant's motion to stay discovery. This Court finds that Plaintiff's lack of response is effectively a concession. *See Taylor v. Hinds County Dept. of Human Svcs.*, 2013 WL 5406485, * 6 (S.D. Miss. Sept. 25, 2013). Accordingly, this Court finds Defendant Awesome Products' motion should be GRANTED.

**IT IS, THEREFORE, ORDERED that the Defendant Awesome Product, Inc.'s Motion to Stay Discovery and/or For a Protective Order [Docket no. 25] is hereby GRANTED and all discovery matters are stayed pending disposition of Defendant Awesome Products' Motion to Dismiss and until the parties can conduct the requisite discovery conference under Rule 26(f).**

**SO ORDERED AND ADJUDGED this the 9th day of November, 2018.**

**/s/HENRY T. WINGATE_____**
**UNITED STATES DISTRICT COURT JUDGE**