IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT COURT
NORTHERN DIVISION

**ELAINE FIELDS**                                                                                   **PLAINTIFF**

vs.                                                 **CIVIL ACTION No.: 3:18-CV-00567-HTW-LRA**

**DOLLAR TREE STORES, INC. D/B/A**
**DOLLAR TREE AND AWESOME PRODUCTS, INC.**         **DEFENDANTS**

## ORDER

BEFORE THIS COURT are the following motions: *Defendant Awesome Products, Inc.'s Motion to Dismiss Plaintiff's Complaint* **[Docket no. 11]**; *Plaintiff's Motion to Amend Complaint* **[Docket no. 27]**; and *Defendant Awesome Products, Inc's Motion to Strike Plaintiff's Untimely Rebuttal to the Memorandum Opposition to Plaintiff's Motion to Amend Complaint* [**Docket no. 34**].

### I.    BACKGROUND

On July 25, 2018, Plaintiff Elaine Fields ("Plaintiff") filed this action against Defendants Dollar Tree Stores, Inc[1]. ("Dollar Tree") and Awesome Products Inc. ("Awesome Products") in the Circuit Court of Hinds County, Mississippi, seeking monetary damages for personal injuries sustained by Plaintiff while shopping at a Dollar Tree Store. Plaintiff's Complaint alleged two causes of action: negligence and *res ipsa loquitur*[2].

---

[1] On August 23, 2019, this Court entered an Agreed Order of Partial Dismissal [Docket no. 36], dismissing all claims as to Defendant Dollar Tree Stores, Inc. with prejudice pursuant to a settlement agreement between Plaintiff and Defendant Dollar Tree Stores, Inc.

[2] *Res Ipsa Loquitor* is a common law doctrine that infers negligence from the very nature of an accident or injury, in the absence of direct evidence of how a defendant behaved.

1

On August 20, 2018, Dollar Tree removed this case pursuant to 28 U.S.C. § 1332[3] on the basis of diversity jurisdiction. [Docket no. 1]. Awesome Products consented to the removal of this action. [Docket no. 9].

On September 14, 2018, Awesome Products filed its motion to dismiss Plaintiff's Complaint under Rule 12(b)(6)[4] of the Federal Rules of Civil Procedure [Docket no. 26]. Specifically, Awesome Products asserted that Plaintiff's common-law negligence claims were barred by the Mississippi Products Liability Act ("MPLA"), and that Plaintiff had failed to plead specific facts that would allow recovery against Awesome Products under the MPLA.

On September 28, 2018, Plaintiff, instead of filing a response to Awesome Products' motion to dismiss, filed a motion to amend her Complaint to include causes of action under the MPLA. [Docket no.27]. Plaintiff's motion also sought to reduce the amount of damages sought in her Complaint to less than $75,000. Plaintiff's request to reduce her monetary demand, if granted, would have stripped this Court of diversity jurisdiction[5]. Awesome Products opposed Plaintiff's motion to amend [Docket no. 28], asserting that Plaintiff's proposed Amended Complaint still failed to establish a right to recovery against Awesome Products, and that Plaintiff's post-removal reduction of her damages demand was "too late". *Id*. Awesome Products filed its opposition motion and brief on October 4, 2018.

---

[3] 28 U.S.C. § 1332 states:
(a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
        (1)     Citizens of different States; …

[4] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
Fed. R. Civ. P. 12

[5] See Footnote 2.

On October 31, 2018, Plaintiff filed an untimely Reply [Docket no. 32] to Awesome Products' memorandum opposing her motion to amend[6]. Plaintiff, in her Reply, withdrew her request to reduce the amount of damages sought.

Awesome Products now petitions this Court to strike Plaintiff's Reply as untimely. [Docket no. 32].

## II. DISCUSSION

*a. Plaintiff's Motion to Amend Complaint*

Federal Rule of Civil Procedure 15(a) directs that leave to amend "shall be freely given when justice so requires." *Dussoy v. Gulf Coast Investment Corp.*, 660 F.2d. 594, 598 (5th Cir. 1981). The Fifth Circuit explains that "unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. Plaintiff, in the present case, states that she "inadvertently failed to expressly assert an MPLA claim against Awesome Products." [Docket no. 27, p. 3]. Plaintiff seeks to remedy this inadvertence by asserting a MPLA claim against Awesome Products in her Amended Complaint. *Id*.

Plaintiff points to *Forman v. Davis*, 371 U.S. 178, 83, S.Ct. 227, 9 L.Ed.2d 222 (1962), wherein the United States Supreme Court allowed a plaintiff to amend his complaint even though the proposed amendment changed the theory of that plaintiff's case. This Court is persuaded that like the *Forman* plaintiff, Plaintiff herein should be granted leave to amend her Complaint to include a MPLA claim against Awesome Products.

---

[6] Rule 7 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Discgtricts of Mississippi prescribes the number of days in which a movant has to file a rebuttal. It mandates that "[c]ounsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief. L.U.Civ.R.7(b)(4).

This Court further finds that Plaintiff's Motion to Amend Complaint should be granted because this case is still in its infancy; no discovery has been conducted in the matter and Awesome Products has not shown that it would be prejudiced by the proposed amendment.

*b. Awesome Product's Motion to Strike Plaintiff's Reply as Untimely*

This Court now turns to Awesome Products' contention that Plaintiff's Reply [Docket no. 32] should be striken as untimely. This Court, for good cause, may extend the time for filing responsive pleadings "on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006).

Plaintiff concedes that she filed her Reply twenty days after the filing deadline [See Docket no. 39]. Plaintiff's Reply, however, sets forth critical legal arguments, including withdrawal of her motion to reduce damages. Striking Plaintiff's Reply will significantly prejudice the Plaintiff, while Awesome Products will suffer no harm. In sum, Awesome Products has not put forth any credible evidence that it has suffered prejudice from the untimeliness of Plaintiff's responsive pleading. "Mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Accordingly, Plaintiff's Motion to Strike Plaintiff's Reply is denied.

*c. Awesome Product's Motion to Dismiss pursuant to Rule 12(b)(6)*

In light of this Court's decision to grant Plaintiff's request to amend her Complaint to add a cause of action under MPLA, this Court denies Awesome Products' Motion to Dismiss. This Court reminds Awesome Products that it may reassert its Motion to Dismiss Plaintiff's Amended Complain, if Awesome Products so desires.  This Court also warns Plaintiff that in the future, this Court will not tolerate untimely responses, and will be more inclined to impose sanctions.

**IT IS, THEREFORE, ORDERED that the Defendant Awesome Product, Inc.'s Motion to Dismiss Plaintiff's Complaint [Docket no. 11] is hereby DENIED.**

**IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint [Docket no. 27] is hereby GRANTED.**

**IT IS FINALLY ORDERED that Defendant Awesome Products' Motion to Strike Plaintiff's Untimely Rebuttal to the Memorandum Opposition to Plaintiff's Motion to Amend Complaint [Docket no. 34] is hereby DENIED.**

**SO ORDERED AND ADJUDGED this the 30th day of September, 2019.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**